```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEVIN L. JEFFERSON,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       15-CV-0544(JS)(AYS)

POLICE OFFICER, Cope Unit 34;
POLICE OFFICER KOENIG; and
COUNTY OF SUFFOLK,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Kevin L. Jefferson, pro se
                    8 Candlewood Road
                    N. Bay Shore, NY 11706

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On February 4, 2015, pro se plaintiff Kevin L. Jefferson ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against an unidentified Suffolk County Police Officer alleged to be assigned to the Third Precinct's "Cope Unit 34", Police Officer Koenig, and the County of Suffolk (collectively, "Defendants") (Compl. ¶¶ 2, 4), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. Accordingly, the Court ORDERS service of the Summonses

and Complaint upon the Defendants by the United States Marshal Service ("USMS").

However, the USMS will not be able to effect service of the Summons and the Complaint on the unidentified Police Officer without more information. The Second Circuit has held that district courts must provide pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam). Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney. The Suffolk County Attorney's Office is requested to attempt to ascertan the full name of the unidentified Police Officer who is described in the Complaint as assigned to the Third Precinct's Cope Unit 34 (see Compl. ¶¶ 2, 4) and to provide to the Court and to Plaintiff the name and address where this individual can be served within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unidentified Police Officer, a Summons shall be issued as to that Defendant, and the USMS shall serve him. The Suffolk County Attorney need not undertake to defend or indemnify this individual at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve the unidentified Police

Officer as instructed by the Second Circuit in <u>Valentin</u>.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED and the Court ORDERS service of the Summonses and Complaint upon the Defendants by the USMS.

The Clerk of the Court is further ORDERED to serve a copy of the Complaint together with this Order on the Suffolk County Attorney and the Suffolk County Attorney's Office is requested to attempt to ascertain the full name of the unidentified Suffolk County Police Officer who is described in the Complaint as assigned to the Third Precinct's Cope Unit 34 and to provide the name and address where this Defendant can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unidentified Police Officer, a Summons shall be issued as to that Defendant, and the USMS shall serve him.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April __6__, 2015
      Central Islip, New York